## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>ADMINISTRATION FOR CHILDREN<br>AND FAMILIES<br>330 C Street SW<br>Washington, DC 20201<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>U.S. CUSTOMS AND<br>BORDER PROTECTION,<br>1300 Pennsylvania Avenue NW<br>Washington, DC 20229<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT<br>500 12th Street SW<br>Washington, DC 20536-5009 | Case No. 19-cv-774 |

U.S. CITIZENSHIP AND IMMIGRATION          )
SERVICES,                                 )
20 Massachusetts Avenue NW                )
Washington, DC 20529                      )
                                          )
                         *Defendants*.    )
                                          )
_____ )

## **COMPLAINT**

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Justice, the U.S. Department of State, the U.S. Department of Health and Human Services and its

component the Administration for Children and Families, the U.S. Department of Homeland

Security and its components U.S. Customs and Border Protection, U.S. Immigration and

Customs Enforcement, and the U.S. Citizenship and Immigration Services under the Freedom of

Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201

and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements

of FOIA.

## **JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit

provisions of FOIA, American Oversight is deemed to have exhausted its administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining

the agencies from continuing to withhold agency records and ordering the production of agency

records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3)

organization primarily engaged in disseminating information to the public. American Oversight

is committed to the promotion of transparency in government, the education of the public about

government activities, and ensuring the accountability of government officials. Through research

and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to

educate the public about the activities and operations of the federal government through reports,

published analyses, press releases, and other media. The organization is incorporated under the

laws of the District of Columbia.

6.      Defendant the U.S. Department of Justice (DOJ) is an agency of the federal

government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. DOJ

has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant the U.S. Department of State (State) is an agency of the federal

government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. State

has possession, custody, and control of the records that American Oversight seeks.

8.      Defendant the U.S. Department of Health and Human Services (HHS) is an

agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in

Washington, DC. HHS has possession, custody, and control of the records that American

Oversight seeks.

9.      Defendant the Administration for Children and Families (ACF) is a component of

HHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is

headquartered in Washington, DC. ACF has possession, custody, and control of the records that

American Oversight seeks.

10.     Defendant the U.S. Department of Homeland Security (DHS) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. DHS has possession, custody, and control of the records that American Oversight seeks.

11.     Defendant U.S. Customs and Border Protection (CBP) is a component of DHS— an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Washington, DC. CBP has possession, custody, and control of the records that American Oversight seeks.

12.     Defendant U.S. Immigration and Customs Enforcement (ICE) is a component of DHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Washington, DC. CBP has possession, custody, and control of the records that American Oversight seeks.

13.     Defendant U.S. Citizenship and Immigration Services (USCIS) is a component of DHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Washington, DC. USCIS has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

14.     In August and November 2018, American Oversight submitted a number of FOIA requests related to White House adviser Stephen Miller and his former executive assistant, McLaurine Klingler, to shed light on Mr. Miller's activities on behalf of the current administration.

*Miller Communications FOIAs*

15.     On August 29, 2018, American Oversight submitted FOIA requests to DOJ, State, HHS, ACF, DHS, CBP, ICE, and USCIS, seeking access to the following records:

1.  All records reflecting communications (including emails, email attachments, voicemail transcripts, text messages, messages on

messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Signal, or Twitter Direct Messages), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) with or about Stephen Miller, including but not limited to communications containing the name "Stephen Miller" or email communications sent or forwarded to, received from, copying, or blind copying stephen.miller@who.eop.gov or s.miller@who.eop.gov.

2. All records reflecting communications (including emails, email attachments, voicemail transcripts, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Signal, or Twitter Direct Messages), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) with or referencing the phone number "(202) 881-8641."

3. All call logs showing incoming or outgoing calls to or from the phone number "(202) 881-8641."

16. For each request, American Oversight requested all responsive records from November 9, 2016, to the date the search is conducted.

17. American Oversight requested that each Defendant provide records of specified agency officials.

18. A true and correct copy of the Miller Communications FOIA submitted to DOJ is attached hereto as Exhibit A and incorporated herein.

19. A true and correct copy of the Miller Communications FOIA submitted to State is attached hereto as Exhibit B and incorporated herein.

20. A true and correct copy of the Miller Communications FOIA submitted to HHS and ACF is attached hereto as Exhibit C and incorporated herein.

21.     A true and correct copy of the Miller Communications FOIA submitted to DHS is attached hereto as Exhibit D and incorporated herein.

22.     A true and correct copy of the Miller Communications FOIA submitted to CBP is attached hereto as Exhibit E and incorporated herein.

23.     A true and correct copy of the Miller Communications FOIA submitted to ICE is attached hereto as Exhibit F and incorporated herein.

24.     A true and correct copy of the Miller Communications FOIA submitted to USCIS is attached hereto as Exhibit G and incorporated herein.

25.     DOJ assigned the Miller Communications FOIA tracking number DOJ-2018-007927, for records sought from the Office of the Attorney General.

26.     DOJ also assigned the Miller Communications FOIA tracking number DOJ-2018-008184, for records sought from the Office of the Deputy Attorney General.

27.     DOJ also provided a third tracking number for the request insofar as it sought records from DOJ's Office of Information Policy, but that request was subsequently closed, and is not a subject of this complaint.

28.     As of the date of this complaint, American Oversight has received no further communications from DOJ regarding the Miller Communications FOIA.

29.     On August 30, 2018, State notified American Oversight that the email attachment containing the Miller Communications FOIA could not be opened and requested that the request be resubmitted. American Oversight resubmitted the request the same day.

30.     By telephone conversations and email exchanges between September 27, 2018, and November 6, 2018, American Oversight conferred with State concerning the scope of the Miller Communications FOIA, ultimately agreeing that State would process the following records in response to the request:

> All records in the custody of the State Department's Office of the Secretary, Office of the Deputy Secretary, and Bureau of Consular Affairs that mention White House Adviser Stephen Miller in any of the following variations: 'Stephen Miller,' 'Stephen.Miller,' 'S.Miller,' 'stephenmiller,' or 'Stephen_Miller.' Also all such records that note the following variations of what we believe was Stephen Miller's private phone, including '(202) 881-8641,' '202-881-8641,' '202.881.8641,' and '2028818641.' Time frame for this request is November 9, 2016 to the present. Excluded are press summaries and releases already in the public domain.

31.   By letter dated February 15, 2019, State formally acknowledged American Oversight's request, assigning it FOIA tracking number F-2018-06639.

32.   As of the date of this complaint, American Oversight has received no further communications from State regarding the Miller Communications FOIA.

33.   On August 30, 2018, ACF notified American Oversight that the email attachment containing the Miller Communications FOIA could not be opened and requested that the request be resubmitted.

34.   American Oversight resubmitted the request the same day to both HHS and ACF. ACF acknowledged receipt of the resubmitted request, confirming the attachment could be opened.

35.   As of the date of this complaint, American Oversight has received no further communications from HHS or ACF regarding the Miller Communications FOIA.

36.   DHS assigned the Miller Communications FOIA tracking number 2018-HQFO-01431.

37.   On August 30, 2018, American Oversight and DHS discussed by telephone the scope of the Miller Communications FOIA and came to an agreement as to appropriate search terms for processing the request. DHS also agreed to determine its ability to provide telephone call logs in response to the request. On the same day, American Oversight sent an email memorializing its understanding of the agreement reached during this telephone call.

38.     On September 4, 2018, DHS confirmed receipt of American Oversight's August 30, 2018 email.

39.     As of the date of this complaint, American Oversight has received no further communications from DHS regarding the Miller Communications FOIA.

40.     CBP assigned the Miller Communications FOIA tracking number CBP-OIT-2018-083574 and sent an automated acknowledgment message by email on August 30, 2018.

41.     As of the date of this complaint, American Oversight has received no further communications from CBP regarding the Miller Communications FOIA.

42.     On September 14, 2018, ICE notified American Oversight that the email attachment containing the Miller Communications FOIA could not be opened and requested that the request be resubmitted. American Oversight resubmitted the request the same day.

43.     On September 17, 2018, ICE acknowledged receipt of the Miller Communications FOIA and assigned it FOIA tracking number 2018-ICFO-62041.

44.     On September 25, 2018, ICE informed American Oversight that it had identified no records responsive to the Miller Communications FOIA.

45.     American Oversight timely submitted an administrative appeal on October 4, 2018.

46.     ICE acknowledged receipt of the appeal on October 12, 2018.

47.     On November 7, 2018, ICE notified American Oversight that it had "determined that new search(es) or, modifications to the existing search(es), could be made" and that it was "therefore remanding [the] appeal to the ICE FOIA Office for processing and re-tasking to the appropriate agency/offices to obtain any responsive documents."

48.     As of the date of this complaint, American Oversight has received no further communications from ICE regarding the Miller Communications FOIA.

49.     USCIS assigned the Miller Communications FOIA tracking number

NRC2018134214.

50.     As of the date of this complaint, American Oversight has received no further

communications from USCIS regarding the Miller Communications FOIA.

*Klingler Communications FOIAs*

51.     On November 1, 2018, American Oversight submitted FOIA requests to DHS,

CBP, ICE, and USCIS seeking access to the following records:

> All records reflecting communications (including emails, email
> attachments, calendar invitations/entries) between the custodians
> listed below and McLaurine Klingler, Executive Assistant in the
> White House Office within the Executive Office of the President.

52.     For each request, American Oversight requested all responsive records from

January 20, 2017, through February 18, 2018.

53.     American Oversight requested that DHS, CBP, ICE, and USCIS provide records

of specified agency officials.

54.     A true and correct copy of the Klingler Communications FOIA submitted to DHS

is attached hereto as Exhibit H and incorporated herein.

55.     A true and correct copy of the Klingler Communications FOIA submitted to CBP

is attached hereto as Exhibit I and incorporated herein.

56.     A true and correct copy of the Klingler Communications FOIA submitted to ICE

is attached hereto as Exhibit J and incorporated herein.

57.     A true and correct copy of the Klingler Communications FOIA submitted to

USCIS is attached hereto as Exhibit K and incorporated herein.

58.     From November 2, 2018, through November 5, 2018, American Oversight

provided clarification and additional information concerning the Klingler Communications FOIA

to DHS by email.

59.     On November 5, 2018, DHS sent a formal acknowledgment of the Klinger

Communications FOIA, assigning it tracking number 2019-HQFO-00132.

60.     As of the date of this complaint, American Oversight has received no further

communications from DHS regarding the Klingler Communications FOIA.

61.     CBP assigned the Klingler Communications FOIA tracking number CBP-OIT-

2019-008211.

62.     As of the date of this complaint, American Oversight has received no further

communications from CBP regarding the Klingler Communications FOIA.

63.     On November 14, 2018, ICE acknowledged receipt of the Klingler

Communications FOIA and assigned it FOIA tracking number 2019-ICFO-21036.

64.     As of the date of this complaint, American Oversight has received no further

communications from ICE regarding the Klingler Communications FOIA.

65.     American Oversight has received no communications from USCIS concerning the

Klinger Communications FOIA.

*Exhaustion of Administrative Remedies*

66.     As of the date of this complaint, Defendants have failed to (a) notify American

Oversight of any determination regarding its FOIA requests, including the scope of any

responsive records Defendants intend to produce or withhold and the reasons for any

withholdings; or (b) produce the requested records or demonstrate that the requested records are

lawfully exempt from production.

67.     Through Defendants' failure to respond to American Oversight's FOIA requests

within the time period required by law, American Oversight has constructively exhausted its

administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

68.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

69.     American Oversight properly requested records within the possession, custody, and control of Defendants.

70.     Defendants are subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

71.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

72.     Defendants' failure to conduct adequate searches for responsive records violates FOIA and the agencies' regulations.

73.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

74.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

75.     American Oversight properly requested records within the possession, custody, and control of Defendants.

76.     Defendants are subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

77.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

78.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

79.     Defendants' failure to provide all non-exempt responsive records violates FOIA and the agencies' regulations.

80.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated: March 20, 2019                    Respectfully submitted,

                                         */s/ Sara Kaiser Creighton*
                                         Sara Kaiser Creighton
                                         D.C. Bar No. 1002367

                                         */s/ John E. Bies*
                                         John E. Bies
                                         D.C. Bar No. 483730

                                         */s/ Katherine M. Anthony*
                                         Katherine M. Anthony
                                         MA Bar No. 685150*
                                         *Pro hac vice* motion to be submitted

                                         AMERICAN OVERSIGHT
                                         1030 15th Street NW, B255
                                         Washington, DC 20005
                                         (202) 897-3918
                                         sara.creighton@americanoversight.org
                                         katherine.anthony@americanoversight.org
                                         john.bies@americanoversight.org

                                         *Member of the MA bar only; practicing in the
                                         District of Columbia under the supervision of
                                         members of the D.C. Bar while application for
                                         D.C. Bar membership is pending.

                                         *Counsel for Plaintiff*